IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GREGORY GONZALES, | § | |
| | § | |
| Defendant Below, | § | No. 455, 2022 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. K2102000021 |
| | § | |
| Appellee. | § | |

Submitted: February 28, 2023
Decided: March 7, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

(1) On December 9, 2022, the appellant filed a document indicating that he wanted to appeal from a Superior Court violation of probation sentence ("VOP") order dated November 18, 2022. Enclosing the required forms, the Senior Court Clerk sent letters to the appellant directing him to submit a completed official Form A notice of appeal, and to pay the filing fee or to file a motion and affidavit to proceed *in forma pauperis*, by December 27, 2022. On December 30, 2022, the Chief Deputy Clerk sent another letter directing the appellant to file an official Form A notice of appeal and to either file a motion and affidavit to proceed *in forma pauperis* or pay the filing fee, all by January 18, 2023, or a notice to show cause would issue.

(2) On February 1, 2023, the Senior Court Clerk sent a notice, by certified mail, directing the appellant to show cause why the Court should not dismiss the appeal for the appellant's failure to diligently prosecute the appeal by filing the Form A notice of appeal and either paying the Supreme Court filing fee or filing a motion to proceed *in forma pauperis*. The notice to show cause directed the appellant to respond within ten days and advised that if the appellant did not respond, dismissal of the appeal would be deemed to be unopposed. On February 7, 2023, the Court received the certified-mail receipt indicating that the notice had been delivered on February 3, 2023. On February 16, 2023, the Court received a letter from the appellant, dated February 6, 2023, in which the appellant appears to argue the merits of his appeal, asserting that his VOP sentence should be limited to time served.

(3) The appellant's February 6 letter did not address the issues raised by the notice to show cause and it was unclear whether the appellant sent the letter in response to the notice to show cause. The Senior Court Clerk therefore sent a letter to the appellant stating that the purpose of the appellant's letter was unclear and directing him to take the previously identified steps to perfect his appeal by February 27, 2023, or the appellant's February 6 letter would be deemed to be a response to the notice to show cause. The appellant has not responded, and his February 6 letter is therefore deemed to be his response to the notice to show cause.

2

(4)     As noted above, the appellant's February 6 letter appears to argue the merits of the appeal but does not address his failure to file a Form A notice of appeal or to pay the filing fee or file a motion and affidavit to proceed *in forma pauperis* as directed.  The appellant has failed to follow this Court's rules and directions and has failed to diligently prosecute the appeal by (i) not filing a notice of appeal, which would include a designation of transcript,[1] and (ii) not paying the required filing fee or filing a motion and affidavit to proceed *in forma pauperis*.[2]  The appeal is therefore dismissed under Supreme Court Rule 29(b).[3]

NOW, THEREFORE, IT IS ORDERED, that the appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[1] *See* DEL. SUPR. CT. R. 7(c)(6) (providing that an appeal shall be commenced by filing a notice of appeal that contains, among other things, "the designations of the transcript as required by Rule 9(e)").

[2] *See id.* R. 20(a), (h) (requiring that an appellant pay the Court's filing fee or, if indigent, file a motion and sworn affidavit seeking leave to proceed without prepayment of fees or costs).

[3] *See id.* R. 29(b) ("The Court may order a complaint, petition or appeal dismissed, *sua sponte*, upon notice of the Court.  Dismissal upon notice may be ordered . . . for failure of a party diligently to prosecute the appeal, for failure to comply with any rule, statute, or order of the Court, or for any other reason deemed by the Court to be appropriate.").

3